```
                                                                    FILED
         IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA                    OCT 21 2010
                      Norfolk Division
                                                              CLERK, U.S. DISTRICT COURT
                                                                   NORFOLK, VA
```

**CARLTON RICHIE,**

            **Plaintiff,**

    v.                          **CIVIL ACTION NO.: 2:09cv390**

**MICHAEL J. ASTRUE,**
      **Commissioner of Social Security**

            **Defendant.**

## *ORDER*

This matter is currently before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation.

Plaintiff, Carlton Richie, brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his claim for a period of disability and supplemental security income ("SSI") under Title XVI of the Social Security Act. By order filed December 30, 2009, this action was referred to United States Magistrate Judge Douglas E. Miller ("Magistrate Judge") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[1] On July 16, 2010, Magistrate Judge Miller filed his Report and Recommendation ("R&R"), in which he recommended that the decision of the Commissioner be **AFFIRMED**. On

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

1

July 23, 2010, Plaintiff filed objections to the Report. On August 4, 2010, Defendant filed a Response to Plaintiff's Objections.

Under Rule 72 of the Federal Rules of Civil Procedure ("Rule 72") a judge is required "to make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." FED. R. CIV. P. 72. The phrase "de novo determination," as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, "'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72.

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389,

390 (1971).

Plaintiff's overarching assertion is that the Commissioner's determination that Plaintiff was not disabled was not supported by the medical evidence. In presenting this argument, Plaintiff makes two specific objections to the R&R regarding the treatment of Dr. McKenzie and Dr. Anderson's findings and diagnoses. This Court has carefully and independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections.

First, Plaintiff objects to the Magistrate Judge's finding that "the treatment of Dr. Chad McKenzie was adequately weighed by Administrative Law Judge Harry Barr." Pl.'s Objection at 1; R&R at 13-14. More specifically, Defendant asserts that Dr. McKenzie's diagnosis of Plaintiff with "moderate to severe femoral artery disease" was not specifically mentioned in the Administrative Law Judge's ("ALJ") decision and that it had to be weighed in determining whether the Plaintiff could be employed full-time. Pl.'s Objection at 2. On March 9, 2006, Dr. McKenzie treated the Plaintiff. R. at 509. During this treatment, Dr. McKenzie reviewed Plaintiff's angiography and vascular ultrasound results. R. at 510. Based on this information, a physical exam and a review of systems, Dr. McKenzie concluded that Plaintiff had moderate to severe femoral artery disease. R. at 511. As a next step, Dr. McKenzie suggested discussing the findings with Dr. Chung (identified as the referring doctor) to see if Plaintiff would be a candidate for surgery. R. at 511.

In the Social Security Administration's Decision ("Decision"), the ALJ made a factual finding that the "[Plaintiff] has decreased left ventricular systolic function as well as angina symptoms and bilateral lower extremity claudication." R. at 18. As a supplement to this finding,

the ALJ cites a series of exhibits including Dr. McKenzie's report in its entirety. R. at 18 (citing McKenzie's notes at Ex. 12-F). As the R&R properly notes, "the ALJ explicitly considered Dr. McKenzie's diagnosis along with similar records . . ." R&R at 14. This conclusion is supported by the fact that the ALJ made reference to medical issues in Plaintiff's lower extremity as well as the ALJ's specific citation of Dr. McKenzie's report. Therefore, this Court finds that the R&R was correct in concluding that the ALJ adequately considered Dr. McKenzie's diagnosis as part of the substantial evidence supporting the Commissioner's finding that there was not a disability.

Second, "Plaintiff objects to the R&R's conclusion that [the ALJ's] decision not to give Dr. Anderson's opinion controlling weight was adequately supported." Pl.'s Objection at 2. When an ALJ declines to give a treating physician's opinion controlling weight, the ALJ must provide "good reasons" for the weight to which they accorded the treating physician's opinion. 20 C.F.R. § 416.927(d)(2). The ALJ's decision must also contain "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record . . ." when such decision is not fully favorable to the claimant. R&R at 12 (citing SSR 96-2P, 1996 WL 374188, at *5 (S.S.A.)).

Dr. Anderson was Plaintiff's cardiologist from May 2005 until September 2006. R&R at 11; R. at 553 (stating that care began in June 2005). At specific issue is Dr. Anderson's September 5, 2006, letter of opinion stating that Plaintiff was unable to work due to severe coronary heart disease, a peripheral arterial disease, bilateral calf claudication, and a aneurysm. R. at 553. In the Decision, the ALJ concluded that Dr. Anderson's opinion was not entitled to controlling weight. After reconsideration, the R&R found that the Decision adequately explained the basis for this conclusion. R&R at 12. In discussing Dr. Anderson's letter (indicating his

4

opinion that Defendant could not work), the ALJ stated that even a treating physician's conclusion is not binding, "particularly when it is no[t] well supported by detailed, clinical, and/or diagnostic evidence and/or it is inconsistent with other substantial evidence in the record." R. at 22. The ALJ then went on to describe particular issues with Dr. Anderson's evaluation records and subsequent opinion. R. at 22. For example, the ALJ mentioned that Dr. Anderson indicated in a June 2006 evaluation that Plaintiff's symptoms suggested exertional angina without noting significant renal artery stenosis. The ALJ also cited Dr. Anderson's statement that Plaintiff's symptoms may improve with better blood pressure control, as well as the fact that the September 2006 opinion letter seemed to be based on past treatment. R. at 22. Finally, the ALJ noted that Dr. Sarris assumed Plaintiff's care in December 2006 (before the administrative hearing). R. at 22. He then outlined Dr. Sarris' findings that Plaintiff was without acute distress and that there were no physical indications to confirm either angina or congestive heart failure. R. at 22. In light of these specific reasons, the Court finds that the R&R properly concluded that the ALJ's decision not to give Dr. Anderson's opinion controlling weight was adequately supported.

Accordingly, the Court finds that the Plaintiff has raised no grounds warranting this Court's departure from the recommendations as stated in the Magistrate Judge's report.

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed July 16, 2010. The Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October 20, 2010